# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   STERLING DEVELOPMENT, INC.,                     No. 11-08-14208 MA

       Debtor.

### ORDER MODIFYING AUTOMATIC STAY FOR LIMITED PURPOSE AND CONDITIONING CONTINUATION OF THE STAY ON DEBTOR'S COMMENCEMENT OF INTEREST PAYMENTS TO BANK OF OKLAHOMA, N.A.

THIS MATTER is before the Court on Creditor Bank of Oklahoma, N.A.'s Corrected Emergency Motion for Relief from Automatic Stay ("Motion"). Bank of Oklahoma, N.A. ("BOK") seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) to obtain state court approval of the pre-petition foreclosure sale of its collateral, a parcel of commercial real estate known as the "Sport Court." Debtor Sterling Development, Inc. ("Sterling") opposes the Motion, asserting that it should be given the opportunity to propose a plan of reorganization as contemplated by 11 U.S.C. § 362(d)(3). The Court held a final hearing on the Motion on January 21, 2009, and took the matter under advisement.

After consideration of the evidence and being otherwise sufficiently informed, the Court finds that sufficient cause exists to modify the automatic stay for the limited purpose of allowing BOK to obtain a final determination from state court as to the propriety of BOK's bid at the pre-petition foreclosure sale of its collateral, but that the stay shall otherwise remain in place, conditioned upon the Debtor making monthly interest payments to BOK. In reaching this determination, the Court FINDS:

    1. Sterling filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 10, 2008.

1

2. Sterling's Statements and Schedules identify one major asset, a parcel of real property with two commercial buildings known as "Sport Court" located at 1431 Mercantile NE A & B, Albuquerque, New Mexico (the "Property"). Sterling valued the Property in its Schedule A at $7,100,000.00. *See* Docket No. 16.

3. BOK is the holder of a Promissory Note in the principal sum of $5,800,000 executed by the Debtor on August 9, 2006. *See* Exhibit 1.

4. The current non-default interest rate on the Promissory Note as stipulated by the partes at the final hearing on the Motion is 4.5%.

5. The Promissory Note is secured by a Construction Mortgage, Security Agreement and Financing Statement ("Construction Mortgage") against the Property.[1] *See* Exhibit 3.

6. Pre-petition, Sterling defaulted on it obligations under the Promissory Note, and BOK filed a foreclosure action against Sterling in the Second Judicial District Court, State of New Mexico, County of Bernalillo as Case No. CV-2007-09681 ("State Court Action") seeking to foreclose its interest in the Property.

7. BOK obtained a judgment of foreclosure against Sterling in the State Court Action on August 28, 2008. *See* Exhibit 7.

8. A special master conducted a foreclosure sale of the Property, and on December 12, 2008, the special master filed a Report of Sale of Special Master in the State Court Action. *See* Exhibit 9.

9. The state court has not approved the foreclosure sale.

---

[1] Sterling and BOK also entered into a Construction Loan Agreement, and Philip J. Sterling and Karen Sterling, Sterling's principals, executed a Guaranty Agreement personally guaranteeing payment of the Promissory Note. *See* Exhibits 2 and 4.

2

10. As of the petition date, the total indebtedness due BOK on the Promissory Note and Construction Mortgage was $6,436,524.07. *See* Exhibit 12.

11. There are two judgment liens filed against the Property which together total $1,195,935.83. *See* Exhibit 12.

12. There are outstanding property taxes due on the Property, including property taxes for the year 2008 in the amount of $48,426.06, including penalty and interest. *See* Exhibit 12. The amount of property taxes assessed against the Property in 2008 was $47,476.54. *See* Exhibit 15.

13. There is no equity in the Property.

14. One of the commercial buildings on the Property is occupied by Bi-Tech, Inc.

15. Pursuant to the Assignment of Leases Rents and Profits executed by Sterling in favor of BOK, and in accordance with the Unopposed Order on Motion for Acknowledgment and Enforcement of Assignment of Rents by Bank of Oklahoma, N.A. ("Rent Assignment Order") entered in the State Court Action on June 26, 2008, BOK is receiving the rents under Sterling's lease with Bi-Tech, Inc. *See* Exhibit 5 and Exhibit 8.

16. Sterling has not filed a plan of reorganization.

17. Philip Sterling, President of Sterling, testified regarding his plan to reconfigure the inside of the second, unoccupied commercial building located on the Property to rent as a climate-controlled self-storage facility. This proposed use of the Property will form the basis of Sterling's plan of reorganization.

18. Although no testimony was offered to quantify the rate of depreciation of the Property, the value of the Property is declining given the current economic market conditions for

3

sales of commercial real estate.

19   The term "single asset real estate" is defined by the Bankruptcy Code as

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101(51B).

20.  Sterling is a single asset real estate debtor within the meaning of 11 U.S.C. § 101(51B).  The Property is non-residential, commercial property.  Its income is from development and sales of commercial real estate.  *See* Statement of Financial Affairs (Docket No. 16).

21.  Relief from the automatic stay is governed by 11 U.S.C. § 362(d), which provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modify8ing or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> >
> > > (A) the debtor does not have an equity in such property; and
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (2).

22.  Subsection (3) of 11 U.S.C. § 362(d), pertains specifically to single asset real estate.  It provides for relief from the automatic stay,

> with respect to a stay of an act against single asset real estate under subsection (a), by a

4

creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later–

> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> (B) the debtor has commenced monthly payments that–
>
>> (I) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>>
>> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate;
>
> 11 U.S.C. § 362(d)(3).

23. Even when the Court has determined that the debtor is subject to 11 U.S.C. § 362(d)(3), relief from the automatic stay is not restricted to that section. *See In re Pacific Rim Investments, LLP,* 243 B.R. 768, 772 (D. Colo. 2000)(rejecting the debtor's argument that § 362(d)(3) is the exclusive provision by which relief f rom stay can be obtained as to a single asset real estate); *In re Star Trust,* 237 B.R. 827, 833 n.2 (Bankr.M.D.Fla. 1999)(stating that § 362(d)(3) "does not provide a safe harbor . . . . The section does not preempt any other basis for relief or modification of the stay.")(citation omitted). The automatic stay is nevertheless subject to termination, annulment, modification, or other conditions as may be afforded under 11 U.S.C. § 362(d)(1) and/or (2). *Pacific Rim Investments,* 243 B.R. at 772 (stating that the disjunctive statute "creates independent alternative bases upon which a bankruptcy court may grant relief from stay.")(citation omitted).

5

24. The Court has discretion to determine whether the automatic stay should be lifted, modified, or otherwise conditioned. *See Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987)("The decision as to whether to lift the stay is committed to the discretion of the judge presiding over the bankruptcy proceedings[.]"); *In re Dupell,* 235 B.R. 783, 788 (Bankr.E.D.Pa. 1999)(noting that "the decision whether to modify, condition, or annul the bankruptcy stay under Section 362(d) is within the discretion of the bankruptcy court.")(citations omitted)).

25. A creditor seeking relief from the automatic stay for cause based on a lack of adequate protection must demonstrate that its collateral is declining in value, or that there is a threat of a decline in value, in order to establish a prima facie case. *See In re Gunnison Center Apartments, LP,* 320 B.R. 391, 396 (Bankr.D.Colo. 2005)(quoting *In re Elmira Litho, Inc.,* 174 B.R. 892, 902 (Bankr.S.D.N.Y. 1994)).

26. BOK has demonstrated sufficient cause for relief from the automatic stay within the meaning of 11 U.S.C. § 362(d)(1). While the amount of depreciation of the Property was not quantified, the evidence before the Court sufficiently demonstrated that the value of the Property is presently declining. There is no equity in the Property. Sterling has not made an offer of adequate protection to BOK, and has yet to file a plan of reorganization.

27. Because the foreclosure sale occurred pre-petition, the Court finds that the automatic stay should be modified to allow the state court to adjudicate the propriety of the sale, but because the bankruptcy proceeding is in its early stages, the Court will not otherwise lift the automatic stay at this time.

28. The purpose of adequate protection is to compensate a creditor for the declining value of its collateral in order to maintain its security position while the automatic stay remains

6

in place. *See Gunnison Center Apartments,* 320 B.R. at 396 ("Adequate protection is, essentially, protection for the creditor to assure its collateral is not depreciating or diminishing in value and is made on a case-by-case basis.")(citing *In re O'Connor,* 808 F.2d 1393, 1397 (10th Cir. 1987)). *See also, In re Gallegos Research Group, Corp.,* 193 B.R. 577, 584 (Bankr.D.Colo. 1995)(stating that "[a]dequate protection means that the value of the creditor's interest in the collateral must be protected from diminution while the property is being used or retained in the bankruptcy case.")(citing *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)).

29. The continuing accrual of property taxes against the Property is a decrease in value for which BOK is entitled to receive adequate protection. *See In re Anthem Communities/RBG, LLC,* 267 B.R. 867, 871 (Bankr.D.Colo. 2001)(stating that a lack of adequate protection may be demonstrated evidence of non-payment of taxes which jeopardizes the creditor's present security position); *Bankers Life Insurance Co. of Nebraska v. Alyucan Interstate Corp. (In re Alyucan Interstate Corp.),* 12 B.R. 803, 808 (Bankr.D.Utah 1981)(noting that the interest in property that is to be protected is "any impairment in value attributable to the stay").

30. Because Sterling filed its voluntary petition fewer than forty-seven days ago, and in light of the time periods for filing a plan of reorganization "that has a reasonable possibility of being confirmed within a reasonable time" contained in 11 U.S.C. § 362(d)(3), it is appropriate to condition the automatic stay on the commencement of monthly payments representing accrued interest at the nondefault contract rate of interest. BOK is already receiving the rents from Bi-Tech, Inc. pursuant to the Rent Assignment Order entered pre-petition in the State Court Action. The rents from Bi-Tech, Inc. cannot serve as Sterling's source of funds for payment of interest as

7

adequate protection to BOK. *Cf. In re Venice-Oxford Associates, Ltd. P'ship,* 236 B.R. 791 (Bankr.M.D.Fla. 1998)(finding that debtor could not assert any post-petition interest in rents as cash collateral where rents were awarded to creditor pre-petition through state court foreclosure action).

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED, in part, as follows:

A. The automatic stay is modified for the limited purpose of allowing BOK to obtain a final determination in the State Court Action as to the propriety of its bid at the pre-petition foreclosure sale of the Property. No deed shall be issued as a result of the foreclosure sale, and no transfer of the Property may occur pending further order of this Court.

B. Continuation of the automatic stay is conditioned upon Sterling making monthly adequate protection payments to BOK, beginning February 9, 2009, and each month thereafter, as follows: 1) payments of interest on the principal balance at the non-default contract rate to be applied to interest due under the Promissory Note and Construction Mortgage; and 2) payments of $3,956.38, representing the estimated monthly accrual of property taxes against the Property.[2]

Any further relief requested in the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: January 26, 2009

---

[2]This amount based upon the amount of property taxes assessed against the Property in 2008. ($47,476.54 ÷ 12 = $3,956.38).

8

COPY TO:

George M. Moore
Arin Elizabeth Berkson
Moore, Berkson & Gandarilla, P.C.
Attorneys for Debtor
PO Box 216
Albuquerque, NM 87103-0216

Gail Gottlieb
Michelle Ostrye
Attorneys for Bank of Oklahoma, N.A.
PO Box 1945
Albuquerque, NM 87103-1945